# EXHIBIT A

1

NICHOLAS A. VENTURA

2

16232 PROMONTORY ROAD

3

CHINO HILLS, CALIFORNIA,

4

91709

5

(909) 342-8599

6

7

In Pro Per

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/08/2025**
**Clerk of the Court**
BY: DAEJA ROGERS
Deputy Clerk

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## COUNTY OF SAN FRANCISCO

10

11

NICHOLAS A. VENTURA,
        Plaintiff, v.

12

**IQVIA INC.;**

13

**ZS ASSOCIATES, INC.;**
**EVERSANA LIFE SCIENCE SERVICES,**

14

**LLC;**
**ARTHUR D. LITTLE, LLC**

15

Defendants

Case No.:

                        **CGC-25-628917**

**COMPLAINT FOR DAMAGES**

**UNLIMITED CIVIL CASE**

16

17

18

19

    1.  **DISCRIMINATION**

20

    2.  **HARASSMENT**
    3.  **FRAUDULENT BUSINESS PRACTICES**

21

22

23

24

25

Date: 09/08/2025

26

27

    Nicholas A.Ventura

28

*Nicholas A. Ventura*

## COMPLAINT

1

## COMPLAINT

Plaintiff Nicholas Alexander Ventura ("Plaintiff") by and through his federal, state, and jurisdictional rights for self-representation, alleges the following facts and damages against Defendants IQVIA, Inc. ("IQVIA"), ZS Associates ("ZS"), EVERSANA, and Arthur D. Little (collectively "Defendants"). Such allegations arise out of Defendants': (1) discrimination during the hiring process and multiple denials of employment, (2) pervasive harassment through excessive and misleading contact regarding purported job opportunities, and (3) fraudulent business practices and deception and the unethical collection of competitor information under the pretext of interviews.

## PARTIES

1. Plaintiff is an adult individual who resides in Chino Hills, California.
2. Plaintiff is informed and believes, and thereon alleges, that Defendant IQVIA is a corporation that conducts business in the State of California.
3. Plaintiff is informed and believes, and thereon alleges, that Defendant ZS is a corporation that conducts business in the State of California.
4. Plaintiff is informed and believes, and thereon alleges, that Defendant EVERSANA is a corporation that conducts business in the State of California.
5. Plaintiff is informed and believes, and thereon alleges, that Defendant Arthur D. Little is a corporation that conducts business in the State of California.

1

2

## JURISDICTION AND VENUE

3      6. This court has jurisdiction over the subject matter of the actions.

4      7. Venue is proper in this County as the locations where the initiating

5      events giving rise to this complaint occurred are within San Francisco

6      County.

7                                          ## FACTS

8
       **Facts Pertaining to Defendant IQVIA**
9
       8. In or around March 2019, after submitting an application, Plaintiff was
10
       contacted by a talent ac uisition specialist from IQVIA for a position.
11
       9. Following an interview process, Plaintiff was informed that he would
12
       not be hired. No specific, actionable feedback was provided.
13
       10. In or around March 2022, Plaintiff received unsolicited contact from
14
       an IQVIA talent ac uisition employee regarding a remote opportunity, to
15
       which Plaintiff did not respond.
16
       11. In or around May 2023, Plaintiff applied for a Manager position at
17
       IQVIA.
18
       12. Plaintiff was subse uently contacted by a Senior Recruiter at IQVIA
19
       and proceeded through a multi stage interview process, including
20     discussions with two Vice Presidents and a "Super Day" with multiple

21     interviewers and case studies.

22     13. Following the extensive interview process, Plaintiff was informed via

23     a phone call from the recruiter that he would not be hired. No specific

       feedback was provided.
24
       14. In or around October 2024, Plaintiff applied for an Associate Principal
25
       position at IQVIA.
26

27

28

15. Plaintiff was again contacted by IQVIA's Global Talent Ac uisition team and proceeded to another multi stage interview process with a Principal and a Senior Principal.

16. After the interviews, Plaintiff received no further communication from IQVIA, despite sending multiple follow up in uiries.

**Facts Pertaining to Defendant ZS Associates**

17. In or around October 2020, Plaintiff applied for a position with ZS and was contacted by a human resources associate for a pre screen interview.

18. Plaintiff participated in a "Round One" case interview, after which he received no further communication or feedback from ZS.

19. In or around October 2022, Plaintiff was contacted by a third party recruiter who stated ZS was hiring for a Manager level position with a compensation above their salary at the time.

20. After Plaintiff expressed interest and submitted his resume and a cover letter through the recruiter, Plaintiff never received a response or follow up from either the recruiter or ZS.

21. The same recruiter subse uently sent Plaintiff multiple emails about other job openings.

22. In or around August 2024, Plaintiff applied for positions at ZS.

23. Plaintiff proceeded through a phone screen and two 60 minute case interviews with a Manager and an Associate Principal at ZS.

24. Subsequently, Plaintiff was scheduled for two final round interviews with two different Principals at ZS.

25. In the first final round interview, the Principal asked Plaintiff to perform the exact same case study he had already completed with the Associate Principal in the prior round.

26. Following the final interviews, Plaintiff was not hired and was not provided with any verbal or written feedback.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Facts Pertaining to Defendant EVERSANA**

27. Several of Plaintiff's former colleagues from a previous employer resigned from that employer to accept positions at EVERSANA.

28. In or around December 2021, Plaintiff was contacted via LinkedIn by a recruiter from EVERSANA, to which Plaintiff did not respond.

29. In or around June 2023, Plaintiff applied for a Senior Consultant position at EVERSANA and participated in a phone screen with a recruiter. Plaintiff received no follow up or feedback after the screen.

30. In or around September 2024, after Plaintiff made a post on a professional social media network about his employment situation, he was contacted by the same EVERSANA recruiter from 2021 about a new role.

31. A former colleague, now employed by EVERSANA, confirmed to Plaintiff that she had referred him for the position on her team.

32. Plaintiff proceeded to a multi stage interview process with multiple individuals at EVERSANA, including two former colleagues.

33. After the interviews, a former colleague informed Plaintiff that he would not be hired but was unable to provide a specific reason.

34. Plaintiff alleges that during the interview process, Defendants deceptively and unethically collected proprietary information about his personal business and strategy under the false pretense of a job opportunity.

**Facts Pertaining to Defendant Arthur D. Little**

35. In or around November 2024, Plaintiff was contacted by the Chief Executive Officer of Arthur D. Little in response to a post Plaintiff made on a separate social media platform regarding his job search challenges.

36. Plaintiff was scheduled fro a screening interview with a Principal at Arthur D. Little who was formerly employed by Defendant IQVIA.

37. During the interview, Plaintiff shared, in good faith, his business development and marketing strategies for his own consulting firm.

38. Following the screen, Plaintiff was invited to a "Super Day" of interviews.

39. During one of the subsequent interviews, an interviewer mentioned several of Plaintiff's former managers by name and had previously worked at another firm at the same time as one of the former colleagues now employed at EVERSANA.

40. Before the "Super Day" was completed, Plaintiff was notified via email that the company would not be proceeding with his candidacy.

41. Plaintiff's requests for feedback were acknowledged, but no feedback was ever provided.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### DISCRIMINATION

42. Defendants, by soliciting Plaintiff for interviews, engaging him in multi stage hiring processes, and subse uently denying him employment without legitimate, non discriminatory reasons, have engaged in discriminatory hiring practices.

1
2

## SECOND CAUSE OF ACTION
## HARASSMENT

3
4
5
6
7

43. Defendants' repeated and pervasive pattern of contacting Plaintiff for job opportunities, leading him through extensive interview processes, and then ceasing communication or denying employment without feedback constitutes a campaign of harassment intended to cause emotional, physical, and professional harm.

8
9
10

## THIRD CAUSE OF ACTION
## FRAUDULENT BUSINESS PRACTICES

11
12
13
14
15

44. Plaintiff is informed and believes that Defendants engaged in fraudulent business practices by using the pretext of job interviews to unethically obtain proprietary information, business strategies, and competitive intelligence from Plaintiff regarding his own firm and former employers.

16
17

45. There is evidence for their coordination given the track record an events that transpired following their exit from a previous employer.

18
19
20
21
22
23
24
25
26
27
28

1

**PRAYER FOR JUDGEMENT**

2

3

4      **WHEREFORE,** Plaintiff prays for the following judgement:

5           (a) **Punitive damages** for $1,205,606.37 in an amount to be

6      proven at trial.

7           (c) **Punitive damages** for lost property of $18,100.00 in an

8      amount to be proven at trial.

9           (d) **Statutory civil penalties** as provided by law described above,

       including:

10

11              (i) For violation of Title VII, in an amount to be proven

12                  at trial.

              (ii)    For violation of 42 U.S.C. § 1981, in an amount to

13                    be proven at trial.

14              (iii)   For violation of the Unfair Competition Law

15                    (Business & Professional Code § 17200), in an

16                    amount to be proven at trial.

17          (f) **Cost of suit** incurred herein, including:

18          (i) Service Processor Fee: $2,160.00

19
           (ii)    Complex, Unlimited Civil Case Filing Fee:
20              $1,000.00

21          (iii)   Civil Jury and Trial Related Fees to be determined

22          (iv)    Mailing Costs: $200.00

23          (v) Restraining Orders: $3,400.00

24

25

26

27

28
       Ventura v. IQVIA INC. et al.
       Case No.
       Complaint
       -6-

1
2
3
4
5
6
7
8          DATED this ___h day of September at San
9          Francisco, California.
10
11                              By:_____
12
13
14
15
16                    **JURY TRIAL IS DEMANDED**
17
18
19
20                    **CERTIFICATE OF SERVICE**
21    I hereby certify that a copy of the foregoing document was served by
      means of (delivery)(U.S. mail)(e-mail) on the _____ day of September,
22    2025 upon:
23    Nicholas Alexander Ventura
      16232 Promontory Road
24    Chino Hills, CA 91709
25
26          By:_____
27
28

 **Superior Court of California, County of San Francisco**
**Voluntary Expedited Jury Trial Summary**
**Information Sheet**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases.  EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way.  Voluntary EJTs are authorized by statute.  CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important or case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.) EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P §§ 630.01 et seq. and Rules of Court 3.1549-3.1553):

- Parties encouraged to submit a joint jury questionnaire;
- 8 jurors (6 must agree);
- 3 peremptory challenges per side;
- 5-hour time limit per side <u>unless agreed otherwise and approved</u>;
- One to two court days completion <u>unless agreed otherwise and approved</u>;
- Option to present evidence by stipulation and objection;
- High/low arrangement option;
- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nicholas A. Ventura, In Pro Per, 16232 Promontory Road, Chino Hills, CA, 91709 | |
| TELEPHONE NO.: (909) 342-8599     FAX NO. : | ELECTRONICALLY |
| EMAIL ADDRESS: nicholasaventura@hotmail.com | **F I L E D** |
| ATTORNEY FOR *(Name):* Not applicable; In Pro Per | *Superior Court of California,* |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | *County of San Francisco* |
| STREET ADDRESS: 400 McAllister Court | **09/08/2025** |
| MAILING ADDRESS: 400 McAllister Court | **Clerk of the Court** |
| CITY AND ZIP CODE: San Francisco, California, 94102 | BY: DAEJA ROGERS |
| BRANCH NAME: Civic Center Courthouse | **Deputy Clerk** |
| CASE NAME: Ventura v. IQVIA INC., et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-25-628917** |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | |
| (Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 09/08/2025

Nicholas A. Ventura                                 ▶                *Nicholas A. Ventura*
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | | Save this form | | Clear this form |

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*)

TELEPHONE NO.:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

*FOR COURT USE ONLY*

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____ |
| | **DEPARTMENT 610** |

1)    The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐    **Mediation Services of the Bar Association of San Francisco (BASF) -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐    **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session.    Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available   to those who qualify. communityboards.org

☐    **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no  equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this  program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐    **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court  judge familiar with the  area  of the law that is the subject of the controversy. There is  no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐    **Other ADR process** (describe) _____

2)    The parties agree that the ADR Process shall  be completed by (date): _____

3)    Plaintiff(s) and  Defendant(s) further agree  as follows:

_____

_____

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

☐    *Additional signature(s) attached*

ADR-2  10/18                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.