UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS A. VENTURA,

    Plaintiff,

v.

IQVIA INC., et al.,

    Defendants.

Case No. 25-cv-09163-RS

**ORDER GRANTING MOTIONS TO DISMISS**

## I. INTRODUCTION

Defendants, Eversana Life Science Services ("Eversana"), IQVIA, Inc. ("IQVIA"), ZS Associates, Inc. ("ZS Associates") and Arthur D. Little, LLC ("ADL"), all companies who have declined to hire Plaintiff over the last several years, move to dismiss Plaintiff's claims for harassment, discrimination, and fraudulent business practices. As set forth below, Plaintiff fails to plead these claims sufficiently. Accordingly, the motions are granted.[1]

## II. BACKGROUND[2]

In March 2019, pro se Plaintiff Nicholas A. Ventura was contacted by an IQVIA recruiter and applied and interviewed for an IQVIA position, for which he was not hired. In April 2022, he was contacted by an IQVIA recruiter again, but he did not respond. In May 2023, he again was

---

[1] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for January 29, 2026 is vacated.

[2] Unless otherwise stated, this order accepts well-pled factual allegations made in the complaint as true.

contacted by an IQVIA recruiter. He applied and interviewed for a position but was not hired. In October 2024, he applied and interviewed for another IQVIA position. He alleges one interviewer at that time "taunted [him] about his new family." FAC 3:14-15.

In October 2020, Plaintiff applied for a job with ZS Associates. He participated in a pre-screen interview and round one interview but was not hired for the job. He received no communication or feedback. In October 2022, he was contacted by a third-party recruiter who failed to respond to him about another ZS Associates position. Two years later, in August 2024, he applied for another ZS Associates job, for which he interviewed. He was not hired.

In December 2021, Plaintiff was contacted by an Eversana recruiter. A year and a half later in June 2023, he decided to apply for a position there. He participated in a phone screen but received no follow-up or feedback. In September 2024, an Eversana recruiter contacted him, and a former colleague referred him for an Eversana position. Plaintiff interviewed for that position. He alleges that at that time an interviewer, who was a former colleague, "requested a meeting with Plaintiff… to [sic] which the colleague made a harassing comment about marital status." FAC at 7:26-28. Plaintiff was not hired for the position.

In November 2024, the CEO of ADL reached out to Plaintiff via the website Reddit. Plaintiff subsequently interviewed with ADL, participating in screeners and "out of sequence" super day interviews, one of which was "terminated." FAC at 8:12. Plaintiff alleges that one of the interviewers subsequently changed their LinkedIn Profile, and the changes "include[ed] descriptions matching Plaintiff's project experiences," and another interviewer created a LinkedIn profile with Plaintiff's name, picture, and professional information "for the purposes of… damaging Plaintiff's reputation; (b) monitoring Plaintiff's job search activities; (c) gathering additional information about Plaintiff; and/or (d) furthering the targeted and pervasive harassment and discrimination campaign." FAC at 9:15-19. Plaintiff also alleges ADL ran an email campaign similar to one Plaintiff allegedly described in one of his interviews.

Plaintiff alleges the Defendants coordinated their interactions with him based on some Defendant employees having previously worked with Plaintiff and/or his previous colleagues.

1  Plaintiff also alleges he is single and Latino and has mental health issues.

2  On December 10, 2025, Plaintiff filed the FAC against Defendants.[3] The FAC asserts claims against all Defendants for harassment under the California Fair Employment and Housing Act ("FEHA"), Govt. Code § 12940(j); discrimination under FEHA and 42 U.S.C. §§ 2000e ("Title VII"); and fraudulent business practices under the California Business and Professions Code § 17200 (the "UCL"). Plaintiff alleges he has exhausted his administrative remedies, including filing "a complaint with California's Civil Rights Department ("CRD") on or about April 2025 and obtain[ing] a verbal right-to-sue after a failure or refusal to investigate." FAC at 3:21-27.

### III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), and "giv[ing] the defendant fair notice of what the… claim is and the grounds upon which it rests," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as

---

[3] The FAC supersedes the amended complaint. *See Ramirez v. Cnty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th. Cir. 2015). Accordingly, Plaintiff's motion to strike Defendant IQVIA's First, Second, Third, Ninth, Tenth, Eleventh, Thirteenth, and Sixteenth Affirmative Defenses, responsive to the now superseded original complaint, is denied as moot. *See, e.g., id.* at 1008 ("Because the Defendant's motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion dismiss should have been deemed moot[.]"). Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for January 29, 2026 is vacated.

true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, a court is not bound to accept legal conclusions couched as factual allegations as true. *Twombly*, 500 U.S. at 555. Where a complaint is brought by pro se plaintiffs, the court is obligated to evaluate the claims liberally. *See Hebbe v. Pillar*, 627 F.3d 338, 342 (9th Cir. 2010).

In dismissing a complaint, leave to amend must be granted unless it is clear the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996). When the "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.' " *Zucco Partners LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir.2009) (quoting *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097–98 (9th Cir.2002)).

## IV. DISCUSSION

### A. FEHA Harassment Claims

Under FEHA, it is unlawful for an employer, employment agency, or other covered entity or individual to harass an applicant because of a protected characteristic such as race, family status, gender, and disability. Cal. Gov't Code § 12940(j). "To establish a claim for harassment, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment. The plaintiff must show a 'concerted pattern of harassment of a repeated, routine or a generalized nature.' " *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (quoting *Aguilar v. Avis Rent A Car Sys., Inc.,* 21 Cal.4th 121, 87 Cal.Rptr.2d 132, 980 P.2d 846, 851 (1999)). Harassment "consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th. 55, 63 (1996). While "commonly necessary personnel management actions, such as hiring and

firing… do not come within the meaning of harassment," *Reno v. Baird*, 18 Cal. 4th 640, 646–47 (1998) (citations omitted), the California Supreme Court has made clear that "some official employment actions" can form the basis for a harassment cause of action, because they "can also have a secondary effect of communicating a hostile message." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709, 219 P.3d 749, 763 (2009), *as modified* (Feb. 10, 2010). In order to be actionable, such harassing actions must be sufficiently "severe or pervasive as to alter the working conditions" and create a hostile environment. *Id.* at 708 (citations omitted).

The majority of Plaintiffs' allegations regarding IQVIA, ZS Associates, Eversana, and ADL reflect "commonly necessary personnel management actions," i.e., activities associated with hiring. *See Janken*, 46 Cal. App. 4th. at 63. Scheduling delays, cancelled interviews, the decision not to hire an applicant, and lack of transparency and feedback about hiring decisions are commonplace. They do not show a " 'concerted pattern of harassment of a repeated, routine or a generalized nature.' " *Lawler*, 704 F.3d at 1244 (quoting *Aguilar,* 980 P.2d at 851). Moreover, while Plaintiff alleges that some of Defendants' employees or agents knew him or his previous colleagues, he alleges no "hostile message," *see Roby*, 47 Cal. 4th at 709, "personal motives," "personal gratification," "meanness," "or bigotry," *see Janken*, 46 Cal. App. 4th. at 63.

Plaintiff's allegations that an IQVIA interviewer "taunted [him] about his new family," FAC at 3:14-15, an Eversana interviewer, who was a former colleague, "requested a meeting with [him]… to [sic] which the colleague made a harassing comment about marital status," FAC at 7:26-2, and an ADL employee created a LinkedIn profile impersonating him for the purpose of damaging his reputation, monitoring him, and furthering "pervasive harassment," FAC at 9:15-19, do reflect conduct outside necessary personnel management. However, they do not show a " 'concerted pattern of harassment of a repeated, routine or a generalized nature.' " *Lawler*, 704 F.3d at 1244 (quoting *Aguilar,* 980 P.2d at 851). Moreover, this court is not bound to accept, without more, Plaintiff's legally conclusive allegations that this conduct was "harassing" and in furtherance of "pervasive harassment." FAC at 7:26-2, 9:15-19. *See Twombly*, 500 U.S. at 555. For the foregoing reasons, Plaintiff's claims of harassment are dismissed as to each Defendant.

**B. Discrimination Claims Under FEHA and Title VII**

Under Title VII, it is unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate" based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). FEHA likewise makes it unlawful for an employer to "refuse to hire or employ" a person or "to discriminate against the person in compensation or in terms, conditions, or privileges of employment" because of a protected status. Cal. Govt. Code, § 12940(a). Discrimination claims brought under FEHA and Title VII are analyzed under the same standards. *See Ambat v. City & Cnty. of S.F., 757 F.3d 1017*, 1023 n.2 (9th Cir. 2014) ("FEHA is interpreted consistently with Title VII."). *See also Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113 (Cal. 2000). To state a claim of discrimination properly, a plaintiff must allege that (1) she was a member of a protected class, (2) she was qualified for the position he sought, (3) she suffered an adverse employment action, such as denial of an available job, and (4) some other circumstance suggesting discriminatory motive. *See Guz*, 24 Cal. 4th at 355.

Here, Plaintiffs allegations fail to suggest discriminatory motive on the part of any Defendant. He comes closer with IQVIA and Eversana, but the allegations about "taunt[ing]" and "harassing" comments by an IQVIA and an Eversana interviewer regarding his family and marital status are conclusory in nature. Even if they were not, they do not suggest discriminatory motive on the part of IQVIA and Eversana across the various recruiters and interviewers involved in Plaintiff's numerous efforts to get jobs at both companies. Accordingly, his discrimination claims fail as to all Defendants.

**C. Fraudulent Business Practices Under the UCL**

California's UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 et seq. Here, Plaintiff alleges Defendants engaged in fraudulent business practices. To be actionable, a "fraudulent" representation must have the likely effect of misleading or deceiving the public. *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1471, 49 Cal.Rptr.3d 227 (2006) (quoting *Mass. Mut. Life Ins. Co. v. Superior Court,* 97 Cal.App.4th 1282, 1298–90, 119 Cal.Rptr.2d 190 (2002)). Plaintiff argues Defendants' engagement of Plaintiff

in the job application and interview process constituted representations that Defendants were hiring for positions for which they were considering Plaintiff. Even if Defendants' engagements of Plaintiff constituted actionable representations under California's UCL, for the reasons already discussed, Plaintiff does not plausibly allege that such representations are false or deceptive. In other words, Plaintiff fails to allege that Defendants were not considering his applications genuinely but rather engaging him for another, presumably harassing, purpose.

### D. Requirement to Exhaust Administrative Remedies

Under both Title VII and FEHA, exhaustion of administrative remedies is a prerequisite to resort to the courts. *Lyons v. England,* 307 F.3d 1092, 1103–04 (9th Cir.2002); *Okoli v. Lockheed Technical Operations Co.,* 36 Cal.App.4th 1607, 1613, 43 Cal.Rptr.2d 57 (1995). *See also Sommatino v. United States*, 255 F.3d 704, 708–09 (9th Cir. 2001); *Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 492 (1996). A plaintiff exhausts "administrative remedies by filing a charge with the [Equal Employment Opportunity Commission ("EEOC")] or an equivalent state agency," like the California Civil Rights Department ("CRD") (formerly, Department of Fair Employment and Housing). *Scott v. Gino Moerena Enters., LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018).

Plaintiff alleges in the FAC that he obtained a "a verbal right-to-sue" from the California CRD in April 2025. FAC at 3:21-24. However, a right-to-sue notice from the CRD must be written, stating the name of the defendant(s) and provide the date by which a civil complaint must be filed. *See* Cal. Code Regs., tit. 2, §10005(a). Despite this allegation, Plaintiff has attached as an exhibit to the FAC a written right-to-sue notice, dated October 30, 2025 and naming IQVIA, ZS Associates, and Eversana.[4] Since ADL was not named, the FEHA and Title VII harassment and

---

[4] The receipt of a right-to-sue notice need not always predate the filing of a suit. *See Williams v. Washington Metro. Area Transit Auth.*, 721 F.2d 1412, 1418 n. 12 (D.C. Cir. 1983) (per curiam) ("Receipt of a right-to-sue notice during the pendency of the Title VII action cures the defect caused by the failure to receive a right-to-sue notice before filing a Title VII claim in federal court.") (citing *Pinkard v. Pullman Standard*, 678 F.2d 1211, 1219 (5th Cir. Unit B 1982) (per curiam), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); *accord Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir.1982); *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir.1982); *Watson v. Fuller Brush Co.*, 570 F.Supp. 1299 (W.D.Mich.1983); *Black v. Brown Univ.*, 555 F.Supp. 880, 884 (D.R.I.1983)).

discrimination claims against Little must be dismissed for the additional reason that Plaintiff has failed to exhaust administrative remedies.

## V. CONCLUSION

Defendants' motions are granted, and Plaintiff's claims against Eversana, IQVIA, ZS Associates, and ADL are dismissed with leave to amend. Should Plaintiff wish to amend his complaint, he must do so by February 2, 2026.

**IT IS SO ORDERED**.

Dated: January 12, 2026

_____
RICHARD SEEBORG
Chief United States District Judge