United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS A. VENTURA,<br><br>        Plaintiff,<br><br>   v.<br><br>IQVIA INC., et al.,<br><br>        Defendants. | Case No. 25-cv-09163-RS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

In the present motion, pro se Plaintiff Nichoals Ventura seeks reconsideration of this Court's order granting without leave to amend motions to dismiss his Second Amended Complaint ("SAC") as to all claims and Defendants. Parties in this district must seek leave to file a motion for reconsideration. Civ. L.R. 7-9(a). Plaintiff has not. While Plaintiff's motion is subject to denial for this procedural defect, it is also denied for lack of merit.

Reconsideration is an extraordinary remedy and should not be granted "absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Assuming leave is properly sought and granted, a party may prevail on a motion for reconsideration by demonstrating at least one of the following: (1) "[A] material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "The emergence of new material facts or a change of law occurring after the time of such order"; or (3) "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the

Court before such interlocutory order." Civ. L.R. 7-9(b).

Plaintiff presents none of those circumstances here. Plaintiff discusses economic relationships between his company "Ventura & Associates HTA Advisors, LLC" and "third-party partners" "National Cancer Trial Network, Novartis, Genentech, Google for Startups, and Microsoft for Startups," Dkt. 101, but these parties appear nowhere in the SAC or Plaintiff's oppositions to the motions to dismiss, *see* Dkts. 84, 85, 86, except for references to "Ventura & Associates HTA Advisors, LLC" in one opposition, *see* Dkt. 85. Accordingly, these late-alleged relationships do not reflect a material difference in fact or law from that presented to the Court before entry of an interlocutory order, emergence of new material facts or change of law occurring *after* the time of such order, or a manifest failure to consider material facts or dispositive legal arguments *presented to the Court before* such interlocutory order. *See* Civ. L.R. 7-9(b).

Plaintiff's second and third arguments also fail. Plaintiff misstates the law: claims under the fraudulent prong of the UCL are subject to the heightened pleading standards for fraud under Rule 9(b), *see e.g., Bodenburg v. Apple Inc.*, 146 F.4th 761 (9th Cir. 2025). Moreover, Plaintiff did not sufficiently allege misrepresentations likely to deceive the public as discussed in this Court's prior order. Finally, Rule 12(b)(6) does not require—or even allow—"possible case developments" to impact the analysis. Defendants are owed fair notice of the claims against them. Plaintiff has failed, for at least the second time, to allege plausible claims against Defendants. For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.

**IT IS SO ORDERED**.

Dated: March 20, 2026

_____
RICHARD SEEBORG
Chief United States District Judge